IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

LEYLA NOURIAN (05)

CRIMINAL NO. 3:17-cr-155-L

## AGREEMENT REGARDING
## FORFEITURE OF PROPERTY

Leyla Nourian individually (the "defendant") and as member and registered agent of Jade and Joy Holdings LLC ("Jade/Joy Holdings") with full authority to act on behalf of that company; Scott Thomas and Sarah Wirskye, the defendant's attorneys; and the United States of America (the government) (collectively the "Parties"), state that they have entered into an agreement, the terms and conditions of which are as follows:

    1.    The defendant agrees, and Jade/Joy Holdings agrees regarding items 1.f and 1.g, not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Superseding Indictment (Dkt. 162), information, any related bill of particulars (Dkt. 339), or seized or restrained in the investigation underlying the indictment or information, including the forfeiture of:

    a. Real property located at 217 Bella Riva, Austin, Texas 78734;
    b. $229,931.68 of $1,251,570.92 in proceeds obtained from the sale of real property located at 2525 Handley Ederville Road, Richland Hills, Texas;
    c. Real property located at 867 FM 3133, Van Alstyne, Texas 75495;
    d. $1,815,847.21 in funds seized from Wells Fargo Bank Account XXXXXX0302 in the name of Industrial & Family Pharmacy Inc;

e. $27,907.62 in funds seized from JP Morgan Chase Bank Account XXXXX2280 in the name Ability Pharmacy Inc;

f. $70,437.93 in funds seized from JP Morgan Chase Bank Account XXXXX3462 in the name Jade and Joy Holdings LLC;

g. $96,924.25 in funds seized from JP Morgan Chase Bank Account XXXXXX7273 in the name Jade and Joy Holdings LLC;

h. $106,211.14 in funds seized from BancorpSouth Bank Account XXXXXX5371 in the name of Bandoola Pharmaceutical LLC;

i. 99.999882 percent of the funds and holdings (including appreciation and interest traceable to such funds and holdings) in TD Ameritrade account ending 1944 in the name of Sherri Mofid;

j. 99.915486 percent of the funds and holdings (including appreciation and interest traceable to such funds and holdings) in TD Ameritrade account ending 4516 in the name of Dehshid Nourian and Larisa Nourian;

k. 2016 BMW 7 Series Sedan 4D 750xi, VIN WBA7F2C58GG416750; and

l. $137,712.63 in funds from JP Morgan Chase Bank Account XXXXXX6653 held in the name Leyla Nourian. In lieu of forfeiture of funds in this account, Leyla Nourian may alternatively make a payment of $137,712.63 to the United States, pursuant to instructions from the undersigned attorneys for the United States.

2. The defendant agrees, and Jade/Joy Holdings agrees regarding items 1.f and 1.g, that this property is subject to forfeiture under 18 U.S.C. §§ 982(a)(1) and (a)(7), 981(a)(1)(C) and 28 U.S.C. § 2461(c) because such property was either the proceeds of or property involved in the crimes alleged in the Superseding Indictment. The defendant consents, and Jade/Joy Holdings consents regarding items 1.f and 1.g, to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant and Jade/Joy Holdings agree to provide truthful information and evidence necessary for the government to forfeit such property. The defendant and Jade/Joy Holdings agree to hold the government, its officers, agents, and

employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

3.  The Parties agree that this agreement shall remain in full force and effect and shall continue to bind Leyla Nourian and Jade/Joy Holdings, in the United States District Court for the Northern District of Texas, even after Leyla Nourian is dismissed as a defendant in the above-captioned criminal matter and/or regardless of the ultimate disposition of the above-captioned criminal matter against any other defendant.

AGREED TO AND SIGNED this _11_ day of _October_, 2022.

> CHAD E. MEACHAM
> UNITED STATES ATTORNEY
>
> GLENN S. LEON
> CHIEF, FRAUD SECTION
>
>
> _/s/ Carlos A. López_
> CARLOS A. LÓPEZ
> Trial Attorney
> Fraud Section, Criminal Division
> U.S. Department of Justice
> New York Bar No. 4256244
> (202) 875-9038
> carlos.lopez@usdoj.gov

(Continued on the next page.)

I have read or had read to me the above agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____  10-11-22
Leyla Nourian                    Date
Defendant


On behalf of Jade and Joy Holdings LLC, with full authority to bind that company, I voluntarily agree to the above agreement with full understanding of its terms.

_____  10-11-22
Leyla Nourian                    Date
Member and Registered Agent
Jade and Joy Holdings LLC


I am the defendant's attorney. I have carefully reviewed every part of this agreement with the defendant. To my knowledge and belief, my client's decision to enter into this agreement is an informed and voluntary one.

_____  October 11, 2022
Sarah Wirskye                    Date
Attorney for Defendant

_____  October 11, 2022
Scott Thomas                     Date
Attorney for Defendant